Filed 9/14/22  P. v. Hill CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>TYRELL HILL,<br><br>     Defendant and Appellant. | A162732<br><br>(Alameda County<br>Super. Ct. No. 164489A) |

Defendant Tyrell Hill appeals from a postjudgment order denying his petition for resentencing under former Penal Code section 1170.95 (now § 1172.6).[1]  The trial court rejected his request to appoint counsel and found defendant ineligible for relief because it had previously concluded he failed to make a prima facie case for relief and the current petition was an improper "successive petition."

On appeal, defendant contends he was entitled to counsel prior to the court conducting its prima facie review.  Moreover, defendant asserts such failure was not harmless because the court relied on an order denying an earlier petition that did not apply the definitions of a "major participant" and "reckless indifference to human life" as set forth in *People v. Banks* (2015)

---

[1] All statutory references are to the Penal Code.  The Legislature recently renumbered section 1170.95 (Stats. 2022, ch. 58, § 10).

61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

Thus, we cannot conclude the failure to appoint counsel was harmless under

*People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*). Accordingly, we reverse

the order denying defendant's section 1172.6 petition.

## I.

## BACKGROUND

### A. *Factual Background*

The following facts were set forth in this court's prior nonpublished opinion, *People v. Hill* (Nov. 19, 2013, A135250) (*Hill I*): The victims grew medical marijuana in their home in West Oakland. Defendant learned of the grow operation, and he and three accomplices decided to rob the growers of their marijuana. During the robbery, the victims panicked and fled the house. When they reached the front yard, they encountered one of the robbers with a submachine gun. One of the victims struggled with the robber over the gun, during which the victim was shot. Defendant and his accomplices fled, and the police found the victim dead. Another individual, who had been in custody the day of the robbery, informed police defendant had told him about the robbery and shooting, and he believed defendant had been wielding the submachine gun. Defendant admitted being involved in the robbery but denied having a gun.

### B. *Procedural Background*

"Defendant was charged with murder, including special circumstances allegations that he committed the murder while engaged in a burglary and a robbery, with enhancements for personal use of a firearm, intentionally discharging a firearm, and discharging a firearm causing great bodily injury or death, and two counts of felon in possession of a firearm, as well as an allegation that defendant suffered a prior prison conviction. After pleading

2

no contest to the felon in possession of a firearm charges and admitting the prison prior, defendant proceeded to jury trial on the remaining charges and allegations. . . . [H]e was found guilty of first degree murder with special circumstances; the allegation that he personally used a firearm was found true, as was the allegation that he intentionally discharged a firearm; the other firearm enhancement was found not true. He was sentenced to life in prison without the possibility of parole." (*Hill I*, *supra*, A135250.)

Defendant appealed the judgment in *Hill I*, arguing in relevant part that the trial court committed reversible error by failing to instruct on the required elements for the felony-murder special circumstances. In assessing whether the omission was harmless, this court evaluated the record to determine whether defendant constituted a "major participant" in the underlying felony. In doing so, this court cited *People v. Smith* (2005) 135 Cal.App.4th 914 for the definition of "major participant."[2] (*Hill I*, *supra*, A135250.) And in considering that definition, this court concluded there was "ample evidence supporting both [the 'major participant' and 'reckless indifference'] elements that were missing from the jury instructions," and affirmed the judgment. (*Ibid*.)

In 2019, defendant filed a petition for resentencing pursuant to former section 1170.95. Defendant did not request counsel at that time. The court denied the petition for failing to make a prima facie showing that defendant was entitled to relief. The court noted *Hill I* "held that there was ample

---

[2] The Attorney General argues this court cited *Tison v. Arizona* (1987) 481 U.S. 137, which the California Supreme Court also cited in deciding *Banks*. But *Tison* was merely cited for an example of what would constitute a " 'nonmajor participant.' " (*Hill I*, *supra*, A135250.) It does not indicate this court was applying the same definition of "major participant" as later established in *Banks*.

evidence that [defendant] was a major participant and acted with reckless disregard for human life. . . . [¶] Given these findings by the appellate court, relief under [former] Penal Code section 1170.95 is unavailable to [defendant] because he could still be convicted of first degree murder regardless of the changes to Penal Code section 189 made by [Senate Bill] 1437." Defendant did not appeal the order but rather filed a habeas petition. This court denied his habeas petition because it challenged an appealable order and failed to provide an adequate record.

Shortly thereafter, defendant filed a second petition for resentencing as to his first degree murder conviction. Defendant requested that the court appoint counsel. However, no counsel was immediately appointed. Instead, the trial court construed this petition as a motion for reconsideration and denied it on the basis that the court would not reconsider its prior ruling. Defendant filed an untimely appeal from that order.

In 2021, defendant filed a third petition for resentencing and requested appointment of counsel. Counsel was not appointed at that time, and the court denied the petition "for the same reasons" as set forth in its order denying the first petition. Defendant timely appealed.

## II.

## DISCUSSION

### A. Statutory Background

Effective January 1, 2019, Senate Bill 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the

4

underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Senate Bill 1437 "redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.) Senate Bill 1437 also "amended section 189, which defines the degrees of murder, by limiting the scope of first degree murder liability under a felony-murder theory. (§ 189, subd. (e).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.)

Senate Bill 1437 also added former section 1170.95, which permitted a person convicted of murder under a now-invalid felony-murder or natural and probable consequences theory to petition the superior court to vacate the murder conviction and to be resentenced on any remaining counts. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); *People v. Gentile*, *supra*, 10 Cal.5th at p. 843.) A petitioner is eligible for relief if he or she (1) was charged with murder by means of a charging document that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) was convicted of first or second degree murder; and (3) could no longer be convicted of first or second degree murder due to the changes to sections 188 and 189 effectuated by Senate Bill 1437. (Former § 1170.95, subd. (a).)

## B. Denial of Petition for Resentencing

On appeal, defendant asserts the trial court erred in failing to appoint counsel upon the filing of his petition for resentencing, and he was harmed by the court's failure to do so. We agree.

## 1. *Right to Counsel*

Defendant contends he was erroneously denied his statutory right to counsel.  As our Supreme Court clarified, "the statutory language and legislative intent of section [1172.6] make clear that petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition." (*Lewis*, *supra*, 11 Cal.5th at p. 957; see also § 1172.6, subd. (b)(3) ["Upon receiving a petition in which the information required by this subdivision is set forth or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner."].)

Here, defendant filed a facially sufficient petition.  As required by section 1172.6, defendant submitted a declaration stating a complaint was filed against him allowing the prosecution to proceed under a felony-murder theory or murder under the natural and probable consequences doctrine, he was convicted of first or second degree murder, and he could not now be convicted due to the legislative amendments to sections 188 and 189.  (See § 1172.6, subds. (a)(1)–(3), (b)(1)(A).)  His petition also set forth the superior court case number and year of conviction, as well as a request to appoint counsel.  (See § 1172.6, subds. (b)(1)(B)–(C).)  And the trial court acknowledged the petition "contain[ed] the requisite pleadings."  Accordingly, defendant was entitled to counsel, and the trial court erred in failing to appoint counsel upon the filing of the petition.

## 2. *Harmless Error*

The Attorney General argues the trial court's error in failing to appoint counsel was harmless.  We disagree.

The failure to appoint counsel under section 1172.6 is reviewed for prejudice under *Watson*, *supra*, 46 Cal.2d at page 836.  (*Lewis*, *supra*,

6

11 Cal.5th at pp. 957–958.) Under that standard, defendant has the burden to show a reasonable probability that he would have obtained a more favorable result if the trial court had appointed counsel. (*Id.* at p. 974.) Specifically, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [defendant] had been afforded assistance of counsel [his] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*)

The trial court identified two grounds for denying defendant's third petition. First, the court noted defendant failed to appeal from his first petition, did not timely appeal from his second petition, and "may not now attempt to circumvent the procedures for appealing an appealable order and seek review or reconsideration of his claim in this court th[r]ough successive petitions." Defendant argues he is not prohibited from filing successive petitions, and cites various authorities considering subsequent petitions under section 1172.6. The Attorney General does not dispute this point.

In *People v. Farfan* (2021) 71 Cal.App.5th 942, the Second District Court of Appeal rejected an assertion that a defendant's successive section 1172.6 petition was procedurally barred. The court noted the initial petition was denied in 2019, and authority decided after 2019 demonstrated the "still-evolving state of section [1172.6] jurisprudence." (*Farfan*, at pp. 949–950.) The court explained, "In our view, application of collateral estoppel to bar consideration of appellant's 2020 petition would thwart Senate Bill No. 1437's overall purpose of ensuring that 'a person's sentence is commensurate with his or her individual criminal culpability' [citations], and that 'all those entitled to resentencing are able to obtain relief' [citation]. This is especially true in this case, where the superior court never appointed counsel even though appellant filed two facially sufficient petitions." (*Id.* at

7

p. 950.)  We agree with the reasoning in *Farfan* and conclude the trial court should not have rejected defendant's third petition merely because it was "successive."

Second, the trial court rejected defendant's third petition "for the same reasons" it denied the first petition.  The court further explained, "as provided in this court's order denying the first petition, [defendant] is ineligible for relief under Penal Code section [1172.6] as a matter of law due to the appellate court's finding that instructional error on the special circumstance allegation was harmless beyond a reasonable doubt because of ample evidence demonstrating that [defendant] was a major participant who acted with reckless indifference to human life."

The Attorney General argues the trial court properly denied the third petition on the merits because this court's prior opinion—upon which the trial court relied—"cited the same considerations later endorsed by *Banks* and *Clark*," despite being decided prior to those opinions.  We disagree.

In *Hill I*, this court noted the trial court erred in failing to provide CALJIC No. 8.80.1, which "would have indicated that: 'If you find that a defendant was not the actual killer of a human being, [or if you are unable to decide whether the defendant was the actual killer or [an aider and abettor] . . . you cannot find the special circumstance to be true . . . unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill [aided,] [abetted,] . . . [or] [assisted] any actor in the commission of the murder in the first degree] [.] [, or with reckless indifference to human life and as a major participant, [aided,] [abetted,] . . . [or] [assisted] in the commission of the crime of [attempted robbery or burglary or attempted burglary] which resulted in the death of a human being . . . .]' " (*Hill I, supra*, A135250, italics omitted.)  Citing *People v. Smith, supra*, 135 Cal.App.4th

8

914, 928, we noted "A ' " 'major participant' " ' in the underlying felony is one whose participation is ' " 'notable or conspicuous in effect or scope' " ' or ' " 'one of the larger or more important members' " ' of the group committing the underlying felony." (*Hill I*, *supra*, A135250.)  The opinion further noted, "The mental state of reckless indifference to human life ' "[i]s one in which the defendant 'knowingly engage[es] in criminal activities known to carry a grave risk of death'. . ." [citation] [and] requires the defendant be "subjectively aware that his or her participation in the felony involved a grave risk of death." ' " (*Ibid.*, italics added.)  We thus concluded the error was harmless because "ample evidence" supported the missing elements. (*Ibid.*)

While *People v. Smith*, *supra*, 135 Cal.App.4th 914 relied on *People v. Proby* (1998) 60 Cal.App.4th 922, with which *Banks* generally agreed, the *Banks* court "found it necessary to examine the term ["major participant"] more closely in light of" other authority.  (*In re Bennett* (2018) 26 Cal.App.5th 1002, 1018–1019.)  *Banks* then established a list of considerations for assessing whether an individual was a "major participant."  (*Banks*, *supra*, 61 Cal.4th at p. 803.)  Likewise, the Supreme Court in *Clark* subsequently established a list of factors for evaluating whether a defendant acted with reckless indifference to human life, including noting mere use of a gun is insufficient to establish reckless indifference.  (*Clark*, *supra*, 63 Cal.4th at pp. 617–622.)  Because *Banks* and *Clark* had yet to be decided, this court did not employ that framework when evaluating the question of harmless error in *Hill I*.[3]

---

[3] This court also identified its role in the prior appeal as follows:  " 'our task in analyzing the prejudice from the instructional error is whether any rational fact finder could have come to the opposite conclusion.' " (*Hill I*, *supra*, A135250.)  At the hearing stage for a petition for relief under

The Attorney General next argues "any additional clarity provided by *Banks* and *Clark* is not material here" because the evidence admitted at trial clearly established defendant was a major participant who acted with reckless indifference to human life. However, reaching this conclusion requires a level of fact finding beyond the scope of the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) As explained by the Supreme Court in *Lewis*, a prima facie inquiry under section 1172.6 is "limited" and " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Lewis*, at p. 971.) At this stage we cannot conclude, had defendant been properly appointed counsel, he would not have obtained relief.

Finally, we note while this case was on appeal, the Supreme Court resolved a split among the appellate courts and held: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under" section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 710.) In this case, defendant's petition has never been reviewed under the newer *Banks* and *Clark* standards. Thus, under the Supreme Court's recent ruling in *Strong*, the trial court erred by summarily denying defendant's section 1172.6 petition.

## III.

## DISPOSITION

The order denying defendant's petition for resentencing is reversed.

---

section 1172.6, " 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' " (*Lewis*, *supra*, 11 Cal.5th at p. 960.)

MARGULIES, ACTING P. J.

WE CONCUR:

BANKE, J.

WISS, J.*

A162732
*People v. Hill*

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.